**JEFFREY T. GWYNN, ESQ., SBN 180548**
**DE NOVO LAW FIRM, PC**
**3637 Arlington Avenue, Suite D**
**Riverside, California 92506**
**Tel:  (951) 684-3774**
**Fax: (951) 249-7271**

Attorneys for Plaintiffs ANESTACIO DE LA CRUZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| ANESTACIO DE LA CRUZ<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, STANLEY SNIFF JR., J. OLGUIN, ANDREW ELIA AND DOES 1-10<br>Defendants. | CASE NO.: 5:14-CV-01473<br>Action Filed:<br>Assigned to:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]** |

Comes now, Plaintiff ANESTACIO DE LA CRUZ, and alleges as follows:

## VENUE AND JURISDICTION

1.      Venue is proper in this district because the underlying act, omissions, injuries and related facts and circumstances giving rise to the present action occurred in this district.

2.      This court has jurisdiction over Plaintiff's federal claims under 42 USC §1983 pursuant to 28 USC §§ 1331 and 1343.  Plaintiff ANESTACIO DE LA CRUZ further invokes pendent jurisdiction of this Court to consider his claims arising under state law. ANESTACIO DE LA CRUZ mailed a timely governmental claim to the Defendant COUNTY OF RIVERSIDE on September 20, 2013 but due to his incarceration the claim was not submitted until October 3, 2013.  Said claim was rejected on October 10, 2013 as untimely.  On January 7, 2014, Plaintiff filed an Application for Leave to

Present a Late Claim Against Public Entity against Defendant COUNTY OF RIVERSIDE. THE Defendant COUNTY OF RIVERSIDE denied the application on January 22, 2014.

### PARTIES

3.    Plaintiff ANESTACIO DE LA CRUZ brings this action for violation of his constitutional rights under the Fourth and 14th Amendments to the United States Constitution.    Plaintiff ANESTACIO DE LA CRUZ also brings claims under state law.

4.    At all times mentioned herein, Plaintiff ANESTACIO DE LA CRUZ resided in the County of Riverside and state of California.

5.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were and now are residents of the County of Riverside, State California.

6.    At all times herein mentioned, Defendant COUNTY OF RIVERSIDE (hereinafter "COUNTY") is and was at all relevant times mentioned herein, a governmental entity duly organized and existing under the laws of the state of California. The County of Riverside Sheriff's Department (hereinafter "RSD") is an official subdivision of Defendant COUNTY, and all officers employed by said department are employees of Defendant COUNTY.

7.    Defendant COUNTY was at all times mentioned herein, engaged in owning, operating, maintaining, managing and doing business as a Sheriff's Department in the County of Riverside, State of California.  All of the acts complained of herein by plaintiff against defendants were done and performed by said Defendants by and through its authorized agents, servants and/or employees, and each of them, all of whom at all relevant times herein were acting within the course, purpose and scope of said agency, service and/or employment capacity.  Moreover, Defendants and its agents ratified all of the acts complained of herein.

8.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1 through 10, inclusive, are unknown to plaintiff who otherwise sues these Defendants by such fictitious names.  Each defendant is sued individually and/or in his/her official capacity as defined in the present complaint.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of the Defendants when they have been ascertained. Each of the

**COMPLAINT FOR DAMAGES**

fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

9.     All defendants who are natural persons, and each of them, including DOES 1 through 10, are sued individually and/or in their official capacity as officers, sergeants, captains, commanders, supervisors and/or civilian employees, agents, policy makers, and representatives for the RSD, a department and subdivision of Defendant COUNTY, respectively.

10.     Defendant STANLEY SNIFF JR. (hereinafter "SNIFF") was all relevant times herein the Sheriff of the RSD and he, along with other officials of county and DOES 1 to 4, at all times possessed the power and the authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the RSD and/or were supervisors of the Defendant Officers.

11.     Defendants Officer J. OLGUIN and Sergeant ANDREW ELIA and DOES 5 to 10, are officers and sergeants, who were at the time of commission of the acts alleged hereinafter, duly authorized employees of Defendant COUNTY, who were acting within the course and scope of their respective duties and with the complete authority and ratification of Defendant COUNTY.  At all relevant times herein, said Defendants, and each of them, were acting under color of law, to wit: under the color of the statutes, ordinances, regulations, policies, customs and usages of the Defendant COUNTY.

12.     At all times herein mentioned, all Defendants, named and unnamed, were and are duly appointed officers, agents, and/or employees of Defendant COUNTY.

13.     At all times herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, employment, and discipline of each and every Defendant named and unnamed in this complaint.

14.     In doing the acts and in failing or omitting to act as hereafter described, Defendants were acting with the implied and actual permission and consent of Defendant COUNTY.

15.     ANESTACIO DE LA CRUZ was shot in the abdomen right elbow, and left elbow and sustained serious physical and mental injuries, including colonectomy, hernia, and limited elbow

**COMPLAINT FOR DAMAGES**

1  extension, as a direct and proximate result of the actions of Defendants COUNTY, ELIA, and

2  OLGUIN, and DOES 5-10.

3  **FACTUAL ALLEGATIONS**

4  16.    On or about March 23, 2013, in the late evening, Plaintiff ANESTACIO DE LA CRUZ

5  traveled a bar known as the MonteCarlo located at 5675 Mission Blvd, Riverside CA 92509. There

6  he met Defendant COUNTY's confidential informant John Doe ("CI").   Unknown to plaintiff CI

7  was working a sting which plaintiff contends was entrapment.   CI was at the time under the

8  instruction and supervision of Defendant Officer Olguin.  At plaintiff and CI's initial meeting, CI

9  gave plaintiff Methamphetamine.  With plaintiff's judgment impaired, CI asked plaintiff if he had

10  any guns for sale.  At Defendant Officer Olguin's specific instruction in furthering the entrapment,

11  he personally encouraged plaintiff to drive the CI across the street to bank where money would be

12  exchanged for the guns.

13  17.    Plaintiff did in fact drive with CI in the passenger seat.  RSD attempted to stop plaintiff when

14  plaintiff left the Monte Carlo bar.  Instead of stopping, he drove the short distance to his residence.

15  On arrival at the residence, he abandoned his vehicle, a white pickup truck and entered the residence.

16  On information and belief, the CI went the opposite direction.

17  18.    Plaintiff went in to his residence and gathered up certain items.  He surreptitiously left the

18  house and went to his passenger car, a BMW 3- series station wagon which had been parked in front

19  of the house.  He backed out by a three point turn and proceeded forward out of the driveway.  A

20  police officer near the rear of the vehicle knocked on the back and demanded plaintiff stop.   On

21  information and belief, none of the officers in the general vicinity of the departing vehicle knew

22  whether the driver was in fact Plaintiff or some other person altogether.  Plaintiff continued forward

23  and to the right slowly and casually.

24  19.    Despite that plaintiff was exiting slowly and casually, Defendant Sergeant ANDREW ELIA,

25  fired at the PASSING vehicle.  Plaintiff was NOT driving AT the officers at the time Defendant

26  ELIA fired at him.  Defendant ELIA fired three times in to the driver side window as Plaintiff was

27  already passing Defendant Elia.  On information and belief, the first bullet when in to Plaintiff's

28  right elbow and exited in to the passenger side door.  The second shot when in to his left elbow and

4
**COMPLAINT FOR DAMAGES**

in to his abdomen.  The third shot hit the "b" pillar of the vehicle and ricocheted in to the front window.  All three shots were without provocation or legal justification by Sergeant ELIA as the vehicle was already passing Sargeant Elia.

20.     Out of fear, Plaintiff attempted to leave after being shot, but crashed shortly in to a barrier and was apprehended.

21.     Plaintiff ANESTACIO DE LA CRUZ was shot in the torso, right elbow, and left elbow and sustained serious physical and mental injuries, including colonectomy, hernia, limited elbow extension, and scarring as a direct and proximate result of the actions of Defendants COUNTY, ELIA, and OLGUIN, and DOES 5-10.  Plaintiff was hospitalized and continues to be under continuous medical care.

22.     On information and belief, DOES 5 to 10 were present at the scene during the shooting of the plaintiff and either participated in all or part of the these acts against Plaintiff and/or failed do anything to prevent these acts of violence against him.

23.     Plaintiff ANESTACIO DE LA CRUZ was caused grievous bodily harm and mental impairments by defendants Sgt. ANDREW ELIA, Ofc. J. OLGUIN and DOES 6 through 10, as a result of action and/or omission in their contact with plaintiff.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF 42 USC §1983**

**(FOURTH AMENDMENT)**

**(AGAINST DEFENDANTS ELIA AND OLGUIN AND DOES 6-10)**

24.     Plaintiff hereby incorporates by reference paragraphs 1 through 23, as set forth in full.

25.     This complaint sets forth claims for deprivation of civil rights for violation of the Fourth and 14th amendments to the United States Constitution against defendants ELIA and OLGUIN and Does 5 to 10 pursuant to 42 USC §1983.

26.     Plaintiff ANESTACIO DE LA CRUZ's 42 USC §1983 claims against Defendants ELIA and OLGUIN and DOES 5 to 10, inclusive, is based upon plaintiff's claims that (1) Defendants OLGUIN and DOES 5-10 actions in authorizing, arranging and/or permitting his CI to drug "marks"

in to selling weapons, which is otherwise a lawful exercise, but otherwise under the informal setting is not, and further by coordinating a false basis to pull over plaintiff was an illegal and unlawful search and seizure; and (2) that defendants ELIA and DOES 5-10 used excessive force against him and/or failed to intervene from the use of excessive force by ELIA, and such action and/or inaction is a direct and legal cause of plaintiff's permanent physical and mental injuries.

27.     Plaintiff is informed and believes and thereon alleges that the aforementioned acts of Defendants were willful, malicious, intentional, oppressive, reckless and/or were done with willful and conscious disregard of the rights, welfare and safety of plaintiff, thereby justifying the awarding of punitive and exemplary damages against the individually named Defendants in the amount determined at time of trial.

28.     Plaintiff additionally seeks compensation for reasonable attorneys fees and costs under 42 USC §1988.

## SECOND CLAIM FOR RELIEF

### MUNICIPALITY LIABILITY FOR CONSTITUTIONAL VIOLATIONS
### (42 USC §1983 AGAINST DEFENDANT COUNTY)

29.     Plaintiff hereby incorporates by reference paragraphs 1 through 28, as set forth in full.

30.     This action is brought pursuant to 42 USC §1983, and the 14th amendment of United States Constitution.

31.     On March 23, 2013, Defendants ELIA and OLGUIN, and DOES 5-10, and each of them, violated Plaintiff's constitutional rights when they caused plaintiff to be a pawn in an elaborate scheme for entrapment and to be illegally searched, seized, and shot.  These defendants caused plaintiff ANESTACIO DE LA CRUZ serious and permanent physical and mental impairment.

32.     At all time relevant herein Defendants, officers and sergeants including the DOE defendants, or agents and employees of defendant COUNTY in carrying out the acts alleged herein were acting under color of their authority as such, and under color of the statutes, regulations, customs, and usages of the COUNTY, pursuant to a set pattern, practice, and official policy of these entity Defendants.

33.     At the time of the unlawful shooting by said Defendants, Defendant COUNTY had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably and unreasonably use excessive force, with knowledge that these individuals would be left physically and mentally incapacitated, and such incapacitation would render them unable to have meaningful lives and familial relationships.

34.     Said policies, procedures, customs and practices also call for Defendant COUNTY not to discipline, prosecute or in any way take corrective or responsive action to known incidents and/or complaints of unjustified shootings which left individuals including ANESTACIO DE LA CRUZ in an incapacitated state.

35.     Said policies, procedures, customs and practices called for the refusal of Defendant COUNTY to investigate or document complaints of previous incidents of unjustified use of force and violence and, instead, officially claim such incidents were justified and proper.

36.     Defendant COUNTY'S policies, procedures, customs and practices of inaction and cover up encouraged officers of RSD, including the Defendants named herein, to believe that the use of excessive use of force was permissible.

37.     Said policies, procedures, customs and practices of Defendant COUNTY evidenced a deliberate indifference to the violations of the constitutional rights of plaintiff, and those similarly situated as plaintiff.  This indifference was manifested by the failure to change, correct, revoke or rescind these policies, procedures, customs and practices in light of prior knowledge by defendants and their policymakers indistinguishably similar incidents of unjustified and unreasonable force.

38.     Deliberate indifference to the civil rights of minority groups and other victims of excessive force is also evidenced by defendant COUNTY ignoring the history and pattern of prior some lawsuits alleging civil rights violations and the related payment of judgments to such individuals for conduct similar to the conduct alleged herein.

39.     As a direct and proximate result of the aforementioned policies, procedures, customs, and practices of defendant COUNTY, plaintiff suffered and continues to suffer intense anguish, pain, distress and despair.

40.     By reason of the aforementioned acts and omissions of defendant COUNTY plaintiff was required to retain counsel to institute and prosecute the within action, and plaintiff requests payment by the Defendants of a reasonable sum as and for attorneys fees pursuant to 42 USC §1988.

### THIRD CLAIM FOR RELIEF

**SUPERVISORIAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS**

**ARISING FROM THE USE OF EXCESSIVE FORCE (42 USC §1983)**

**(AGAINST DEFENDANTS COUNTY, SNIFF, AND DOES 1 TO 4)**

41.     Plaintiff hereby incorporates by reference paragraphs 1 through 40, as set forth in full.

42.     This complaint sets forth claims pursuant to 42 USC §1983 for deprivation of civil rights thereby violating the Fourth and 14th amendments to the United States Constitution against Defendants COUNTY and SNIFF and Does 1 to 4.

43.     Defendants COUNTY and SNIFF and DOES 1 to 4, inclusive, failed to adequately train, supervise, discipline or in any other way to control all of the individually named defendant-officers and DOES 6 to 10, inclusive, and exercise of their duties as officers and sergeants.

44.     Defendants COUNTY and SNIFF and DOES 1 to 4 knowingly and deliberately fostered, maintained and condoned a policy, practice and custom or otherwise acted in a manner that was deliberately indifferent to the lives and liberty of persons such as ANESTACIO DE LA CRUZ and that such policy, practice, custom and/or actions were a direct and legal cause of his injuries and damages.  The policy, practice, custom, and actions included, without limitation, knowingly and deliberately failing to properly train, discipline and supervise employees regarding entrapment, detentions, apprehensions and use of force.

45.     Moreover, Defendants COUNTY and SNIFF and DOES 1 to 4, inclusive learned and became aware of the excessive force used against ANESTACIO DE LA CRUZ and tolerated, encouraged and condoned this misconduct by consciously ignoring, turning a blind eye and overlooking the misconduct of prior events.

46.     By consciously and deliberately overlooking the acts of misconduct by their subordinate officers, including Defendants ELIA and OLGUIN and DOES 5 to 10, defendants COUNTY, SNIFF and DOES 1 to 4, inclusive established a custom and practice of condoning and ratifying such

1  misconduct, and established a tolerated pattern of constitutional violations amongst their subordinate

2  officers.  The condoning of misconduct by defendants COUNTY, SNIFF and DOES 1 to 4,

3  inclusive, was so comprehensive and well known that their subordinate officers were emboldened to

4  blatantly violate the constitutional rights of persons such as ANESTACIO DE LA CRUZ.

5  47.  Defendants COUNTY and SNIFF and DOES 1 to 4, through their custom and practice of

6  encouraging, condoning, tolerating and ratifying constitutional violations by their subordinate

7  officers, including Defendants ELIA and OLGUIN, and DOES 5 to 10, Defendants COUNTY and

8  SNIFF and DOES 1 to 4, were deliberately indifferent to the constitutional violations being

9  committed by their subordinates, including said subordinate Defendants.

10  48.  Based on the custom and practice of condoning, tolerating, and ratifying constitutional

11  violations and a failure to adequately train and discipline subordinate officers who committed

12  constitutional violations, such as Defendants ELIA and OLGUIN and DOES 5 to 10, Defendants

13  COUNTY and SNIFF and DOES 1 to 4, inclusive, are liable for constitutional violations committed

14  by said Defendants for the damages suffered by plaintiff as set forth herein.

15  49.  The aforementioned acts of the individual defendants SNIFF and DOES 1 to 4, inclusive,

16  were a willful, wonton, malicious and oppressive and thereby justify the award of exemplary and

17  punitive damages as to these defendants.

18  **FOURTH CLAIM FOR RELIEF**

19  **NEGLIGENCE**

20  **(AGAINST DEFENDANTS COUNTY, ELIA, OLGUIN, AND DOES 2 TO 4)**

21  50.  Plaintiff hereby incorporates by reference paragraphs 1 through 49, as set forth in full.

22  51.  Defendant county is subject to liability pursuant to California Government Code section

23  815.2(a) which provides that "[a] public entity is liable for injury proximately caused by an act or

24  omission of an employee of the public entity within the scope of his employment if the act or

25  omission would, apart from this section, have given rise to a cause of action against that employee or

26  his personal representative."  The following defendants are employees of defendant COUNTY:

27  STANLEY SNIFF, JR., SGT. ANDREW ELIA, OFC. J OLGUIN, and DOE Defendants. They are

28  subject to liability pursuant to California Government Code section 820 which provides that a

"public employee is liable for injury caused by his act or omission to the same extent as a private person."

52.     Plaintiff is informed and believes and thereon alleges that when the defendant officers and sergeants of the RSD came into contact with ANESTACIO DE LA CRUZ defendants assumed a duty of care towards plaintiff in which they were required to use reasonable care, lawful tactics and lawful force in detaining him and/or taking him in to custody.

53.     This cause of action arises from the defendants' breach of their duty to plaintiff, by using inappropriate tactics in the attempted entrapment, detention and/or arrest of plaintiff, in their negligent use of force and their negligence in the entire encounter with plaintiff who did not pose a threat to defendants' safety nor to the safety of others.

54.     Defendant ANDREW ELIA was present at the scene and was an integral participant in the tactics employed for the apprehension of the plaintiff.  ELIA owed a duty to plaintiff to act reasonably with regard to the tactics and decisions employed in the attempt to arrest the plaintiff. Defendant OLGUIN negligently permitted his CI to drug his "mark" with methamphetamine and permitted the situation to turn catastrophic by focusing entirely on his plan of entrapment rather than the safety of the "mark" and of the general public.  OLGUIN negligently encouraged plaintiff to get in to a vehicle and drive as part of his scheme for entrapping plaintiff.

55.     Defendant ELIA fired his COUNTY issued firearm at plaintiff despite their being no threat of injury and not knowing who was in fact driving the vehicle.  Defendant OLGUIN transmitted false statements about plaintiff's status which contributed to his fellow defendants being trigger happy and which was part of his plan of entrapment.  Defendant ELIA later compounded his negligence by spoliating evidence.  On information and belief, plaintiff alleges that Bullet casings and vehicles were moved to attempt to justify the unjustified shooting.

56.     As a direct and legal result of the acts and omissions of these named defendants, ANESTACIO DE LA CRUZ suffered damages, including physical impairment, emotional distress, and pain and suffering, injuries and other pecuniary damages to be proven at the time of trial.

///

///

**COMPLAINT FOR DAMAGES**

## FIFTH CLAIM FOR RELIEF

### BATTERY

### (AGAINST DEFENDANTS COUNTY SNIFF AND ELIA AND DOES 5 TO 10)

57.     Plaintiff hereby incorporates by reference paragraphs 1 through 56, as set forth in full.

58.     Defendant COUNTY is subject to liability pursuant to California Government Code Section 815.2(a) which proves that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."   The following Defendants are employees of Defendant COUNTY: STANLEY SNIFF, JR., SGT. ANDREW ELIA, AND DOE DEFENDANTS.   Defendant COUNTY is subject to liability pursuant to California Government Code Section 820(a) which provides that "a public employee is liable for injury caused by his act or omission to the same extent as a private person."

59.     Plaintiff ANESTACIO DE LA CRUZ asserts a claim of battery against Defendant ANDREW ELIA and DOES 5-10 based upon the unlawful touching of his person which was the direct and legal cause of his injuries and life-long damages.   At all times during the unlawful touching of Plaintiff, Defendants were acting within the course and scope of their employment with Defendant COUNTY.   Defendant COUNTY is thus vicariously liable for the acts of the individually named Defendants who committed the battery upon Plaintiff.

60.     Plaintiff is informed and believes and thereon alleges that the aforementioned acts of these individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

61.     As a direct and legal cause of the acts and omissions of these Defendants, Plaintiff ANESTACIO DE LA CRUZ suffered damages, including emotional distress, pain and suffering, and life-long injuries in a sum according to proof at the time of trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, jointly and severally as follows:

11

1.  For general damages according to proof;
2.  For special damages according to proof;
3.  Exemplary damages, but only against each of the individual Defendant, according to proof;
4.  Reasonable attorney's fees and cost of suit pursuant to 42 USC Section 1988;
5.  For costs incurred herein, and for further relief as the Court may deem just and proper.

DATED: July 14, 2014                    DE NOVO LAW FIRM, PC


                                        By: _____
                                            Jeffrey T. Gwynn, Esq.
                                            Attorneys for ANESTACIO DE LA CRUZ




**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all of the claims for relief set forth above.


DATED: July 14, 2014                    DE NOVO LAW FIRM, PC


                                        By: _____
                                            Jeffrey T. Gwynn, Esq.
                                            Attorneys for ANESTACIO DE LA CRUZ

12

**COMPLAINT FOR DAMAGES**